IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **CHARISE COLLINS**<br>78 Outlook Drive, Unit 22<br>Worcester, MA 01602 | * | |
| Plaintiff | * | |
| v. | * | |
| **QVC, INC.**<br>1200 Wilson Drive<br>West Chester, PA 19380-4267 | * | Case No. _____ |
| **Serve On:**<br>Corporation Service Company<br>2711 Centerville Rd., Suite 400<br>Wilmington, DE 19808 | *<br>*<br>* | **JURY TRIAL DEMANDED** |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Charise Collins, by and through her attorneys, Raymond L. Marshall, Matthew M. Somers, and Chason, Rosner, Leary & Marshall, LLC, hereby sue Defendant, QVC, Inc., and state:

### Introduction

This is a products liability action arising from injuries Plaintiff, Charise Collins, sustained as a result of a defective consumer electric pressure cooker device marketed, re-branded and sold by Defendant, QVC, Inc. Ms. Collins sustained serious personal injuries when, while using the pressure cooker to make chicken soup in the kitchen of her then-home in Fruitland, Maryland, the pressure cooker failed to depressurize fully before it was opened, thereby causing scalding food and liquid to explode onto Ms. Collins' chest and neck area and to become trapped between

1

her clothing and her skin. Ms. Collins sustained serious second-degree burns to ten percent of her body as a result of the incident, including permanent disfigurement of her nipples and breasts.

## Parties

1.  Charise Collins, Plaintiff, is a resident of Worcester County, MA.

2.  QVC, Inc. ("QVC"), Defendant, is a corporation formed pursuant to the laws of Delaware with its principal place of business located at 1200 Wilson Drive, West Chester, PA 19380-4267. QVC is a marketer and seller of consumer products, including home electronics. QVC conducts regular business selling products throughout the United States, including in Maryland, from which it derives substantial revenue and benefit.

## Jurisdiction and Venue

3.  Subject matter jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a), (c), because the matter in controversy in this civil action exceeds the value of $75,000.00, and is between citizens and corporations of different States.

4.  Moreover, QVC is subject to personal jurisdiction in Maryland because QVC conducts regular and substantial business activities in Maryland, from which it derives substantial revenue and benefit.

5.  Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) & (2) because a substantial part of the events and/or omissions giving rise to Plaintiff's claims at issue occurred in Wicomico County, which is in the Northern Division of the District of Maryland.

## STATEMENT OF FACTS

6.  On or about the afternoon of July 16, 2013, Charise Collins was making chicken soup in a Cooks essentials brand, model PC028 pressure cooker ("Pressure Cooker") in the

kitchen of her then-home at 302 Polar Street, Fruitland MD in Wicomico County, Maryland. Ms. Collins had recently purchased the pressure cooker from QVC on June 24, 2013 and was following the chicken soup recipe that was included with the Pressure Cooker at the time of purchase.

7. After the appropriate time for completing the chicken soup recipe elapsed, Ms. Collins turned the steam pressure valve to the vent position and waited for the steam to dissipate completely.

8. After waiting for the steam to dissipate, Ms. Collins went to open the pressure cooker. As Ms. Collins began opening the lid of the Pressure Cooker, the contents of the Pressure Cooker suddenly and without warning exploded onto her neck and chest area, proximately causing scalding hot food and liquid to become trapped between her clothing and her upper body, resulting in excruciating pain and suffering to this sensitive area of her body as well as permanent disfigurement.

9. As a further proximate result of the sudden occurrence, Ms. Collins suffered second-degree burns to almost ten percent of her body, including to her neck, breasts, nipples, and arm pits.

10. As a further proximate result of the sudden occurrence, Ms. Collins suffered past and/or will incur future medical expenses, past and/or will incur future psychological and emotional distress, extreme pain and agony, and/or other economic and/or non-economic damages.

11. Ms. Collins did not misuse the Pressure Cooker prior to the occurrence.

12. The Pressure Cooker was marketed, re-branded and sold by QVC under its exclusive brand, Cook's essentials.

13. QVC, through its exclusive brand Cook's essentials, also provided an instruction manual with the Pressure Cooker under the Cook's essentials name.

14. Upon information and belief, QVC obtained the Pressure Cooker directly from CheerMaster Trading Ltd., an exporting company based in Hong Kong that exports kitchen appliances to other countries including the United States.

15. The Pressure Cooker, the Cook's essential instruction manual, and the QVC.com website fail to identify the manufacturer of the Pressure Cooker.

16. The identity of the Pressure Cooker's manufacturer is therefore unknown to Ms. Collins.

17. Upon information and belief, the manufacturer of the Pressure Cooker is believed not to be subject to service of process under the laws of this State or the Maryland Rules.

18. By naming the pressure cooker under the exclusive name Cook's essentials, and representing to consumers that the Pressure Cooker is a Cooks essentials product, QVC has the same responsibilities as the manufacturer of the Pressure Cooker.

## COUNT I – STRICT LIABILITY
### (Products Liability – Design Defect)

19. Charise Collins adopts and incorporates by reference the allegations contained in the preceding paragraphs with the same effect as if set forth fully herein.

20. At all times referred to herein, Ms. Collins was operating the Pressure Cooker in a reasonable and foreseeable manner.

21. QVC is involved in the design, manufacture, marketing and/or sale of consumer products, including consumer electronics, kitchenware, and electric pressure cookers.

22. Ms. Collins is a consumer to which QVC marketed consumer products, including the Cook's essentials brand Pressure Cooker. On June 24, 2013, Ms. Collins ordered a Cook's

essentials brand Model PC028 electric pressure cooker from QVC. The Pressure Cooker was sold and marketed by QVC.

23. At the time it marketed and sold the Pressure Cooker, QVC was aware of the substantial hazards that pressure cookers which remain under pressure pose to a consumer's personal safety.

24. The Pressure Cooker was placed into the stream of commerce and sold by QVC in a defective and unreasonably dangerous condition in that the design of the Pressure Cooker was such that it could be opened by a consumer even while it remained under pressure, thus posing a risk of severe personal injury to a consumer.

25. The Pressure Cooker also failed to comply with industry standards that were in effect at the time of manufacture/design of the product.

26. There were other competitive pressure cookers that were sold to the public in June of 2013 that contained a safer design in that that they could not be opened by a consumer while the contents were under pressure.

27. The Pressure Cooker reached Plaintiff Collins without any substantial change in its condition and was in that same condition at the time of the injuries hereafter alleged.

28. As indicated above, on or about July 16, 2013, while Ms. Collins was using the pressure cooker in a reasonably foreseeable manner, the Pressure Cooker failed to depressurize completely before it was opened, causing scalding food and liquid to explode suddenly onto Ms. Collins' neck and chest area, and causing Ms. Collins to sustain second degree burns to almost ten percent of her body, including to her neck, breasts, nipples, and arm pits.

29. The serious injuries Ms. Collins sustained occurred because of the defective design of the Pressure Cooker, and were foreseeable. There were reasonably safer alternative

designs which were neither prohibitively expensive nor otherwise unduly burdensome. These other designs prevented a consumer from opening a pressure cooker when the contents were still under pressure. The omission of the alternative designs rendered the pressure cooker unsafe. If the Pressure Cooker had not been defectively designed, Ms. Collins would not have been injured.

30. As a result of the defect described above, Ms. Collins also suffered past and will incur future medical expenses, extreme pain and agony, past and present mental and emotional distress, which is expected to continue into the future, permanent disfigurement, and other economic and/or non-economic damages.

**WHEREFORE**, Charise Collins demands judgment against Defendant QVC in the amount of Three Million Dollars ($3,000,000), plus interest and costs.

### COUNT II – STRICT LIABILITY
### (Products Liability – Defect in Manufacture)

31. Charise Collins adopts and incorporates by reference the allegations contained in the preceding paragraphs with the same effect as if set forth fully herein.

32. At all times referred to herein, Ms. Collins was operating the Pressure Cooker in a reasonable and foreseeable manner.

33. QVC is involved in the design, manufacture, marketing and/or sale of consumer products, including consumer electronics, kitchenware, and electric pressure cookers.

34. Ms. Collins is a consumer to which QVC marketed consumer products, including the Cook's essentials brand Pressure Cooker. On June 24, 2013, Ms. Collins ordered a Cook's essentials brand Model PC028 electric pressure cooker from QVC. The Pressure Cooker was sold and marketed by QVC.

35. At the time it marketed and sold the Pressure Cooker, QVC was aware of the substantial hazards that pressure cookers which remain under pressure pose to a consumer's personal safety.

36. The Pressure Cooker was placed into the stream of commerce and sold by QVC in a defective and unreasonably dangerous condition because it contained a manufacturing defect such that it could be opened by a consumer even while it remained under pressure, thus posing a risk of severe personal injury to a consumer.

37. The Pressure Cooker also failed to comply with industry standards that were in effect at the time of manufacture/design of the product.

38. The Pressure Cooker reached Plaintiff Collins without any substantial change in its condition and was in that same condition at the time of the injuries hereafter alleged.

39. As indicated above, on or about July 16, 2013, while Ms. Collins was using the pressure cooker in a reasonably foreseeable manner, the Pressure Cooker failed to depressurize completely before it was opened, causing scalding food and liquid to explode suddenly onto Ms. Collins' neck and chest area, and causing Ms. Collins to sustain second degree burns to almost ten percent of her body, including to her neck, breasts, nipples, and arm pits.

40. The serious injuries Ms. Collins sustained occurred because of the defective manufacture of the Pressure Cooker. If the Pressure Cooker had not been defectively manufactured as alleged herein, Ms. Collins would not have been injured.

41. As a result of the defect described above, Ms. Collins also suffered past and will incur future medical expenses, extreme pain and agony, past and present mental and emotional distress, which is expected to continue into the future, permanent disfigurement, and other economic and/or non-economic damages.

**WHEREFORE**, Charise Collins demands judgment against Defendant QVC in the amount of Three Million Dollars ($3,000,000), plus interest and costs.

### COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42. Plaintiff, Charise Collins, adopts and incorporates by reference the allegations contained in the preceding paragraphs with the same effect as if set forth fully herein.

43. At all times referred to herein, Ms. Collins was operating the Pressure Cooker in a reasonable and foreseeable manner.

44. QVC is involved in the design, manufacture, marketing and/or sale of consumer products, including consumer electronics, kitchenware, and electric pressure cookers.

45. Ms. Collins is a consumer to which QVC marketed consumer products, including the Cook's essentials brand Pressure Cooker. On June 24, 2013, Ms. Collins ordered a Cook's essentials brand Model PC028 electric pressure cooker from QVC. The Pressure Cooker was sold and marketed by QVC.

46. At the time it marketed and sold the Pressure Cooker, QVC was aware of the substantial hazards that pressure cookers that remained under pressure posed to a consumer's personal safety.

47. Prior to the time of sale, Defendant QVC impliedly warranted to Ms. Collins that the Pressure Cooker was merchantable and fit for the ordinary purpose(s) for which consumer electric pressure cookers are used.

48. As indicated above, on or about July 16, 2013, while Ms. Collins was using the pressure cooker in a reasonable foreseeable manner, the Pressure Cooker failed to completely depressurize before it was opened, causing scalding food and liquid to explode suddenly onto Ms. Collins' neck and chest area, thereby breaching Defendants' implied warranty of

merchantability, and causing Ms. Collins to sustain second degree burns to almost ten percent of her body, including to her neck, breasts, nipples, and arm pits.

49. Also as a result of Defendant's breach of implied warranty of merchantability, Ms. Collins suffered past and/or future medical expenses, extreme pain and agony, mental and emotional distress which is expected to continue into the future, permanent disfigurement, and/or other economic and/or non-economic damages.

50. At all times herein, the implied warranty that the Pressure Cooker was merchantable and fit for its ordinary purpose(s) was part of the basis of the bargain for the purchase of the Pressure Cooker.

**WHEREFORE**, Charise Collins demands judgment against Defendant QVC in the amount of Three Million Dollars ($3,000,000), plus interest and costs.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff, Charise Collins, prays for relief, as follows:

1. For judgment against Defendant, QVC, Inc. in the amount of Three million dollars ($3,000,000.00), plus interest, costs, and attorneys' fees;

2. And for any such further relief in favor of Plaintiff as this Court deems just and proper.

Date: 7/17/14

Raymond L. Marshall
Matthew M. Somers
Chason, Rosner, Leary & Marshall, LLC
401 Washington Avenue, Suite 1100
Towson, MD 21204
(410) 494-3700
(410) 583-7001 facsimile
RMARSHALL@CRLMLAW.COM
MSOMERS@CRLMLAW.COM
*Attorneys for the Plaintiff*

## JURY TRIAL DEMAND

Plaintiff, Charise Collins, by her undersigned counsel, respectfully demands a trial by jury on all counts contained in her Complaint.

_____
Raymond L. Marshall
Matthew M. Somers
Chason, Rosner, Leary & Marshall, LLC
401 Washington Avenue, Suite 1100
Towson, MD  21204
(410) 494-3700
(410) 583-7001 facsimile
RMARSHALL@CRLMLAW.COM
MSOMERS@CRLMLAW.COM
*Attorneys for the Plaintiff*